IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| FRED ROBERTS, JR.  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JH PORTFOLIO DEBT EQUITIES, LLC, )<br>& OLIPHANT FINANCIAL, LLC,  )<br>   Defendants.  ) | Civil Action No.:<br>1:15-cv-278 |

---

COMPLAINT

---

COMES NOW the Plaintiff, by and through his attorney, and avers against the Defendants the following:

INTRODUCTION

1. The Plaintiff seeks damages under the Fair Debt Collection Practices Act and Fair Credit Reporting Acts for Defendants' reporting and seeking collection of a debt the Plaintiff did not owe and having accessed the Plaintiff's credit reports with no legitimate basis for doing so.

PARTIES

2. Plaintiff is a resident citizen of Mobile County, Alabama and has been so for over two years.

3. Plaintiff is a "consumer" as defined by both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

4. Defendant JH Portfolio Debt Equities, LLC ("JH") is a California corporation whose principal place of business is 5230 Las Virgenes Rd, #265, Calabasas, CA 91302.

5. Defendant Oliphant Financial, LLC ("Oliphant") is a Florida corporation whose principal place of business is 9009 Town Center Pkwy, Lakewood Ranch, FL 34202.

6. The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

7. Defendants are "debt collectors" according to 15 U.S.C. §1692a(6).

8. Defendants are both "users of consumer reports" and "furnishers of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681a.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter and 15 U.S.C §1681p to hear Plaintiff's FCRA claims.

10. This Court has supplemental jurisdiction to hear Plaintiff's state law claims as they arise from the same series of transactions and events as the federal question claims.

11. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

12. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

13. At all times relevant to this proceeding, the Defendants were acting in an attempt to collect from the Plaintiff a debt they claimed had been owed to Bank of America.

14. In June of 2014, Oliphant sent Plaintiff a letter in which it accused the Plaintiff of owing a large unpaid credit card debt to Bank of America, and demanding payment of such debt on behalf of JH.  A copy of the letter is attached as Exhibit A.

15. The Plaintiff, however, did not owe either of Defendants any money for any such account, and the Plaintiff, following the instructions provided on the collection dun, sent Oliphant a letter by certified mail stating that he disputed the debt. A copy of the letter and its return receipt are attached as Exhibit B.

16. Upon information and belief, Oliphant shared the information relating to Plaintiff's dispute with JH.

17. Nonetheless, on or about January 29, 2015, JH filed a lawsuit, Case 02-DV-2015-900249.00, in the District Court of Mobile County, alleging that the Plaintiff owed the Defendants a debt of $9,014.63, and demanding judgment for that amount, plus court costs. See attached Exhibit C.

18. Paragraph 2 of the complaint in the state court suit stated:

    *"Plaintiff, JH PORTFOLIO DEBT EQUITIES, LLC is a foreign corporation registered with the Alabama Secretary of State and authorized to conduct business in this state. Accordingly, Plaintiff has the requisite legal capacity to file and prosecute the above-styled action."*

19. In truth, JH was not and is not registered with the Alabama Secretary of State.

20. JH merely added such language to the lawsuit to give itself a veneer of legitimacy.

21. Paragraph 3 of the state court complaint stated:

    *"Defendant entered into a binding contract with Plaintiff."*

22. This also was false, as Mr. Roberts had never before even heard of JH.

23. This false allegation was made to present JH to the state court as an original creditor, rather than as an assignee.

24. As the Plaintiff had never heard of JH and had no unpaid credit card debt to Bank of America, he answered the complaint denying the allegations and suggesting that he may have been the victim of identity theft. A copy of his response to the state court lawsuit is attached as Exhibit D.

25. The Plaintiff had to come to court to defend himself on April 9, 2015, when the matter was set for trial.

26. JH sought a continuance of the trial date to gather more evidence.

27. The continuance was granted, and at the second trial setting, the Court reviewed

the evidence and entered a judgment in favor of Mr. Roberts on May 7, 2015.  See the attached Exhibit E.

28. Though the Plaintiff was ultimately vindicated by the Court, the entire ordeal was immensely stressful, frustrating, and embarrassing to Mr. Roberts.

29. Being forced to come to court and defend oneself against a baseless lawsuit is a stressful, frightening ordeal.

30. Had Defendants undertaken a reasonable investigation into Plaintiff's disputes, they would have realized that it had no right to ask him for any money, much less file a lawsuit against him.

31. The filing of a lawsuit is a very serious and potentially devastating collection mechanism.

32. Before filing a lawsuit, a debt collector should do everything it can to assure that it is not suing the wrong person.

33. Defendant JH obtained and/or viewed at least one copy of the Plaintiff's credit report in May of 2014.  See the attached Exhibit F.

34. Defendant Oliphant obtained and/or viewed at least one consumer report relating to the Plaintiff in June of 2014.

35. These inquiries into the Plaintiff's credit reports were unauthorized by the Plaintiff.

36. Credit inquiries made by alleged creditors of a consumer have a tendency to reduce such a person's apparent creditworthiness and ability to borrow.

37. The Defendant's inquiries into Plaintiff's credit reports did in fact have a negative impact on the Plaintiff's credit profile and ability to access credit.

38. Both Defendants clearly have the means to undertake a genuine investigation into a consumer's disputes before they file lawsuits.

39. In this case, the Defendants did not in fact undertake a real investigation into the truth of Plaintiff's case.

40. It is a pattern and practice of the Defendants to file lawsuits against consumers like the Plaintiff without undertaking any real investigation into the factual basis of the alleged debts.

41. The Defendants' course of action in attempting to collect this debt have caused

the Plaintiff damages in the following ways:

(a) He had to hire a lawyer to defend himself from the lawsuit;

(b) He had to take time off from work and family to defend himself from the Defendant's false allegations;

(c) This entire ordeal has been mentally and physically taxing, and has caused him natural anger, frustration, stress, humiliation, fear for his family's financial well-being, and unjustified and abusive invasion of his personal privacy;

(d) Damage to his credit and reputation.

COUNT ONE: 15 U.S.C. §1692e

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above.

43. 15 U.S.C.§1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. 15 U.S.C. §1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

45. Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing to the Plaintiff and to the Mobile County District Court that Plaintiff owed $9,014.63 to the JH.

46. Defendants violated 1692e(2)(A) by falsely representing to the Plaintiff and to the Mobile County District Court that the Plaintiff had entered into a contract with JH.

47. Defendants violated 1692e by falsely representing to the Plaintiff and to the Mobile County District Court that JH was registered with the Alabama Secretary of State.

48. 15 U.S.C. §1692e(8) prohibits the communication "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

49. Defendants violated 1692e(8) by falsely representing to at least one consumer reporting agency that they had the right to collect money from the Plaintiff.

50. Defendants' violations of 1692e have caused the Plaintiff damages as stated above.

51. As a result of Defendants' violations of the 15 U.S.C. §1692e, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

### COUNT TWO: 15 USC. §1692d

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above.

53. As a result of the meritless lawsuit filed by JH, the Plaintiff was harassed, oppressed, and abused.

54. The filing of a bogus lawsuit against the Plaintiff and seeking money he did not owe was an aggressive collection tactic whose natural consequence was to harass, oppress, or abuse the Plaintiff.

55. 15 U.S.C. §1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

56. Defendants violated 15 U.S.C. §1692d by filing and pursuing its meritless state court lawsuit against the Plaintiff.

57. Defendants' violations of 15 U.S.C. §1692d have caused the Plaintiff damages as described above.

58. As a result of Defendants' violations of 15 U.S.C. §1692d, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

### COUNT THREE: 15 U.S.C. §1692f

59. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above.

60. 15 U.S.C. §1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect a debt."

61. Suing a consumer for a debt that is not owed is an "unfair and unconscionable practice offensive to §1692f,"[1] even if where the consumer once owed the debt.

62. In this case, Mr. Roberts never owed the alleged debt.

63. As described above, Plaintiff has suffered damage as a result of JH's unfair and

---

1   *Kimber v. Federal Financial Corp.* 668 F. Supp 1480 (M.D. Ala. 1987).

unconscionable lawsuit.

64. As a result of Defendants' violations of 15 U.S.C. §1692f, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

## COUNT FOUR: MALICIOUS PROSECUTION

65. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above.

66. JH filed the collection lawsuit against the Plaintiff without undertaking any reasonable investigation into the validity of its allegations against the Plaintiff.

67. Defendants filed the collection lawsuit against the Plaintiff fully aware that he denied owing the debt.

68. After learning that the Plaintiff denied ever opening the alleged account, the Defendants persisted with their lawsuit, requiring the Plaintiff to obtain counsel for two separate trial dates.

69. Had Defendants undertaken a reasonable investigation into the relevant facts, it would have known that it lacked probable cause to sue the Plaintiff.

70. Defendants had no probable cause to seek interest from the Plaintiff.

71. Defendants filed the collection lawsuit maliciously, and with the intent not to obtain a judgment at trial, but rather to use the gravity and embarrassment of a court proceeding to coerce Plaintiff into paying money on a debt he did not owe.

72. It is a regular practice of the Defendants to file lawsuits against unsophisticated consumers without first investigating the veracity of any disputes such consumers may have sent to Defendants.

73. Alternatively, Plaintiff avers that Defendants filed the collection lawsuit with reckless disregard for whether or not they were suing the right man.

74. As a direct result of Defendants' conduct in filing the collection lawsuit, the Plaintiff has suffered damage as described above.

75. The harm that Plaintiff suffered as a result was entirely foreseeable, and was exactly the sort of harm that one would foresee to be the result of filing a baseless lawsuit.

76. For its malicious prosecution of the Plaintiff, the Defendants are liable to the

Plaintiff for actual damages and punitive damages.

77. It was foreseeable that the actions of Defendants would lead to the exact sort of harm suffered by the Plaintiff.  Defendants did in fact foresee that its actions would have damaging consequence for the Plaintiff, yet Defendants chose to pursue its course of action regardless..

COUNT FIVE: 15 U.S.C. §1681b

78. Plaintiff realleges and incorporates by reference paragraphs 1 through 41.

79. Defendants obtained, viewed, or otherwise made use of a consumer report relating to the Plaintiff in May and/or June of 2014.

80. Defendants had no legitimate purpose for obtaining or using Plaintiff's credit report.

81. Consumer credit reports contain highly sensitive and detailed information about a person's finances and lifestyle.

82. The Fair Credit Reporting Act recognizes this, and contains numerous provisions designed to protect consumers from unnecessary intrusion into their affairs.

83. Particularly, 15 U.S.C. §1681b(f) prohibits any person from obtaining or using a consumer report for any purpose other than those specific enumerated "permissible purposes" listed in 15 U.S.C. §1681b(a)(3).

84. In this case, the Plaintiff had no prior business relationship whatsoever with either of the Defendants.

85. Nor did Plaintiff owe either of Defendants any money on any account which Defendants might have sought to collect or review.

86. Nor did the Plaintiff ever provide Defendants with permission to obtain his reports.

87. Each of the Defendants violated the Fair Credit Reporting Act by obtaining or using the Plaintiff's credit report without a permissible purpose for doing so.

88. The Defendants' violation of the Fair Credit Reporting Act was negligent, and could have been easily avoided by undertaking a reasonable investigation.

89. Alternatively, Defendants' violation of the Fair Credit Reporting Act was intentional or reckless, and done without any regard for whether they were

seeking to collect from the right man.

90. The Defendants' violation of the Fair Credit Reporting Act has harmed the Plaintiff by, *inter alia*, damaging his credit rating and reputation.

91. For such violation, the Defendants are liable to the Plaintiff for actual damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681o.

92. For their willful violations of the Fair Credit Reporting Act, the Defendants are liable to the Plaintiff for actual damages, statutory damages of up to $1,000, punitive damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681n.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendants for the following:

A) Actual damages arising from the Defendants' violations of the Fair Debt Collection Practices Act;
B) Statutory damages of One Thousand Dollars ($1000) from each Defendant for its violations of the Fair Debt Collection Practices Act;
C) Actual damages and punitive damages for the malicious prosecution of the Plaintiff by JH.
D) Actual damages and punitive damages for Defendants' violations of the Fair Credit Reporting Act;
E) Statutory damages of One Thousand Dollars from each Defendant for its violations of the Fair Credit Reporting Act;
F) Costs, expenses, and reasonable attorneys fees incurred in bringing this action;
**G) A trial before a struck jury;**
H) For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED this the 27th Day of May, 2015.

/s/ Judson E. Crump
Judson E. Crump
Attorney for Plaintiff

Judson E. Crump, PC

250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com