IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRED ROBERTS, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0278-WS-N |
| | ) |
| JH PORTFOLIO DEBT EQUITIES, LLC, et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

ORDER

This matter is before the Court on the plaintiff's motion for partial summary judgment. (Doc. 34). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 34, 38, 39), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be denied.

BACKGROUND

According to the complaint, (Doc. 1), defendant Oliphant Financial, LLC ("Oliphant") sent the plaintiff a letter falsely accusing the plaintiff of owing $9,014.63 in credit card debt to non-party Bank of America ("BOA") and demanding payment on behalf of defendant JH Portfolio Debt Equities, LLC ("JH"). The plaintiff properly disputed the debt, but JH nevertheless sued the plaintiff over the debt, falsely alleging, inter alia, that JH was registered with the Alabama Secretary of State, that the plaintiff had entered a contract with JH, and that the plaintiff owed JH money on the contract. After trial, a state judge entered judgment in favor of the plaintiff herein. Shortly before Oliphant sent its demand letter, the defendants made separate inquiries into the plaintiff's credit report, without the plaintiff's authorization.

Counts One through Three allege various violations of the Fair Debt Collection Practices Act ("the Act").  Count One alleges violations of 15 U.S.C. § 1692e; Count Two alleges violations of Section 1692d; and Count Three alleges violations of Section 1692f.  Count Four asserts a state-law claim for malicious prosecution, and Count Five alleges violations of the Fair Credit Reporting Act. (Doc. 1 at 5-9).  The plaintiff seeks summary judgment as to Counts One and Three.  (Doc. 34-1 at 5, 6-8).[1]

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; accord *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

---

[1] The plaintiff's motion nominally seeks summary judgment as to Count Two as well.  (Doc. 34 at 1-2).  However, because his briefing is confined to Counts One and Three, only those counts are in play.  *Cf. Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005) ("[A] passing reference to an issue in a brief [is] insufficient to properly raise that issue.").

Count One includes an allegation that the defendants violated Section 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false …." (Doc. 1 at 5). Because the plaintiff's brief is silent as to this claim, it is not before the Court on the instant motion.

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[2]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The plaintiff asserts that Oliphant's collection letter violated this provision by falsely stating: (1) that he had a BOA account; and (2) that he owed JH the sum of $9,014.63.  (Doc. 34-1 at 6).[3]  The plaintiff further asserts that an Oliphant employee falsely stated, in an affidavit filed in support of the state lawsuit: (3) that the plaintiff borrowed sums in an account ending in -0034. (*Id*.).[4]  The plaintiff also argues that JH, in the state lawsuit, falsely represented: (4) that the plaintiff owed on an unpaid credit card account with BOA; (5) that the plaintiff

---

[2] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").  "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and "[l]ikewise, district court judges are not required to ferret out delectable facts buried in a massive record …." *Chavez v. Secretary, Florida Department of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011) (internal quotes omitted).

[3] The plaintiff mentions the figure of $9,143.63, but the letter says $9,014.63. (Doc. 1-1 at 1).  The plaintiff elsewhere uses the correct figure.  (Doc. 34-1 at 6).

[4] Despite the plaintiff's suggestion, the affidavit does not appear to state that the account number ended in 0034 at the time the plaintiff borrowed funds.  As discussed in text, another affiant testifies that, when the debt was charged off, the plaintiff's account number was changed to one ending in 0034.

was indebted to JH; (6) that the plaintiff had entered a contract with JH; and (7) that JH was registered with the Alabama Secretary of State. (*Id*. at 7).

To establish the falsity of these representations, the plaintiff relies on his affidavit and on JH's application for registration with the State of Alabama (which was filed after the state lawsuit concluded). (Docs. 34-2, 34-3). As to all but the last two of these representations, the defendants argue there is a genuine issue as to whether the statements were false. As to the final two representations, the defendants do not seriously defend their accuracy[5] but argue they are legally immaterial. (Doc. 38 at 3-7).

To show the existence of a genuine issue of fact as to truth or falsity, the defendants rely on the affidavits of Elexis Klepikov and Tracy Hopkins, and on exhibits attached to Klepikov's affidavit. (Doc. 38-1). This evidence contradicts the plaintiff's evidence on points (1) – (5) identified above. The plaintiff does not argue otherwise; instead, he argues that the defendants' evidence cannot be considered on motion for summary judgment. (Doc. 39 at 4-7).

Klepikov is a records custodian for Oliphant as master servicer for JH. She professes no personal knowledge of the matters in issue but purports to authenticate records under her control: (1) a credit card agreement with Fred Roberts Jr. arising out of a checking account with BOA, (Doc. 38-1 at 4-16); (2) a series of monthly statements on the BankAmericard account of Fred Roberts, Jr., with an account number ending in 4107, reflecting many Mobile, Alabama transactions and an ascending balance eventually reaching $9,014.63 (*id*. at 18-33); (3) a bill of sale and assignment of loans from FIA Card Services, N.A. ("FIA") to JH, (*id*. at 34); (4) what is apparently an excerpt from a "sale file" listing a Visa account, ending in 0034, of Fred Roberts, Jr. of Mobile, Alabama,

---

[5] The defendants, without apparent conviction, suggest in a single sentence that it was true the plaintiff entered a contract with JH, on the theory that, several years after the plaintiff entered a contract with another entity, JH "stepped into the shoes" of the original contracting party. (Doc. 38 at 5). The defendants identify no authority supporting this unlikely proposition, and the Court declines to credit it absent such support.

with a charge off amount of $9,014.63, (*id*. at 35); and (5) the affidavit of BOA employee Tracy Hopkins, who testifies that: (a) BOA is the successor-in-interest to FIA; (b) she can authenticate BOA records; (c) she has reviewed BOA records; and (d) those records reflect that: (i) Fred Roberts, Jr. opened a credit card account with the number 4107; (ii) in accordance with standard practice, this account number was changed to one ending in 0034 when it was charged off; (iii) the account and underlying agreement were sold to JH; and (iv) the amount owed when the debt was charged off and when the account was sold was $9,014.63. (*Id*. at 36).

The plaintiff argues that Klepikov cannot authenticate the documents in (1) and (2), since they were purportedly created by and/or for BOA years before JH purportedly purchased his account. (Doc. 39 at 5-6). The plaintiff may be correct as far as he goes, but he does not go far enough. "In considering a summary judgment motion, a court may only consider evidence that is admissible *or that could be presented in an admissible form*." *Denney v. City of Albany*, 247 F.3d 1172, 1189 n.10 (11th Cir. 2001) (emphasis added); *accord Rowell v. BellSouth Corp*., 433 F.3d 794, 800 (11th Cir. 2005) ("On motions for summary judgment, we may consider only that evidence which *can be reduced to an admissible form*.") (emphasis added). As this Court has stated, it is a "well-established principle that even inadmissible evidence may properly be considered on summary judgment if it may reasonably be reduced to admissible form at trial." *W.G. Yates & Sons Construction Co. v. Zurich American Insurance Co*., 2008 WL 161921 at *1 n.2 (S.D. Ala. 2008). Whether or not Klepikov can authenticate the BOA documents, Hopkins plainly can do so. Without some cogent argument – which the plaintiff does not provide – the Court cannot on this record conclude that the defendants will have any difficulty authenticating the BOA documents. Therefore, they may be considered on the instant motion.[6]

---

[6] The plaintiff's only claim under Section 1692f is based on the defendants' suing him on a debt he did not owe. (Doc. 34-1 at 8). Because, as discussed in text, there is a

The plaintiff does not deny that "materiality is an element of claims under the Act based on a false or misleading representation." *Samuels v. Midland Funding, LLC*, 921 F. Supp. 2d 1321, 1332 (S.D. Ala. 2013) (citing cases from the Sixth, Seventh and Ninth Circuits).[7]  But he insists the representations in the state complaint – that he entered a contract with JH, and that JH was registered with the Secretary of State – were material when viewed from the perspective of the least sophisticated consumer. (Doc. 39 at 7-9).  The defendants agree that the least-sophisticated-consumer standard applies. (Doc. 38 at 7).  *See also Samuels*, 921 F. Supp. 2d at 1332 ("The relevant hypothetical person for materiality purposes under the Act would appear to be the 'least sophisticated consumer.'").

The defendants assert that a representation is material under this standard only if it would cause the least sophisticated consumer to change his behavior or to pay a debt he otherwise would have challenged. (Doc. 38 at 7).  Since the plaintiff proposes no different test, the Court assumes that the defendants' version applies.

The plaintiff argues the representation that he had entered a contract with JH is material because: (1) it is more difficult for an assignee to prove a claim against a debtor than it is for the original creditor (since an assignee must prove standing); and (2) assignees tend to have less access to the evidence required to prove their cases. (Doc. 39 at 7-8).  He argues the representation that JH was registered with the Secretary of State was material because it "paint[s] a façade of legitimacy" that is likely to "intimidate[e]" the least sophisticated consumer. (*Id*. at 8-9).  The plaintiff's position is not indefensible, but the Court is considering the question on the plaintiff's motion for summary judgment.  The plaintiff cannot foist on the Court the burden of performing his perhaps laborious task of

---

genuine factual issue as to whether the plaintiff owed JH, the plaintiff cannot obtain summary judgment on this claim.

[7] This drumbeat has only grown louder since the Court decided *Samuels*.  *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3rd Cir. 2015); *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014).

researching cases addressing the least-sophisticated-consumer standard in the same or similar circumstances and constructing from such authorities a persuasive argument for deeming the defendants' representations material as a matter of law.[8] Simply asserting that the representations are material does not meet the plaintiff's burden.

In his reply brief, the plaintiff introduces a new argument: that collateral estoppel prevents the defendants from denying that he owed JH any money. (Doc. 39 at 3-4). The threshold fatal flaw in this argument is that it comes too late. "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining the underlying rationale). The plaintiff identifies no reason to depart from this well-established rule, and the Court declines to do so.

Even had the plaintiff timely raised this argument, he has not shown that collateral estoppel could apply here. Under Alabama law,[9] collateral estoppel requires that the issue as to which the loser is to be collaterally estopped was "actually litigated" in state court, that the issue was "actually determined" by the state court, and that resolution of the issue was "necessary to support the prior judgment." *E.g., Wheeler v. First Alabama Bank*, 364 So.2d 1190, 1199 (Ala. 1978). The plaintiff has not explained how it can be known that the state court

---

[8] The plaintiff has not, for example, attempted to show that proving an assignment – generally by the simple act of producing a document accomplishing the transfer – injects meaningful difficulty into an assignee's case, much less that the least sophisticated consumer would appreciate any such enhanced difficulty of proof. Nor has he attempted to show that the least sophisticated consumer would capitulate to an assignee claiming to be registered with the Secretary of State but would resist payment if the assignee said nothing about its registration status.

[9] The federal complaint confines the Court's subject matter jurisdiction to federal question, to the exclusion of diversity jurisdiction. (Doc. 1 at 2). The plaintiff assumes that Alabama law on collateral estoppel governs in a federal action based on federal question jurisdiction. (Doc. 34 at 3). The Court assumes without deciding that this is correct.

"actually determined" that the plaintiff owed JH nothing.  He relies exclusively for this point on a brief order stating only that, "[a]fter trial, the Court enters a judgment for the Defendant [the plaintiff here]."  (Doc. 1-5 at 2).  For all the Court can perceive from this opaque statement, the plaintiff won because, for example, JH had not registered with the Secretary of State, or because the limitations period had expired, or for any number of reasons divorced from whether the plaintiff did or did not owe a debt assigned to JH.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for partial summary judgment is **denied**.

DONE and ORDERED this 18th day of March, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE